## Metropolitan Police Department
## Washington DC

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR SEARCH WARRANT

**_X___U.S. District Court**                    **____ Superior Court of the**
                                                       **District of Columbia**
========================================================
_____


**Description of Item to be Searched:  The item to be searched is a cellular telephone, described as an I-Phone Agent 18, black in color, assigned**
Ser: 5K80838FwH8
IMEI# 01472006941049
Model A1203
**which cell phone was seized by Drug Enforcement/MPD task force officers on October 2, 2007, from the possession of a man identified as Modibo Hylton.**


Your affiant has been a sworn member of the Metropolitan Police Department for 26 years. I have been involved in the investigations of vice related crimes for approximately 14 years. I have been assigned to Narcotics and Special Investigation for 10 years. This affiant has been involved in several arrests of couriers of narcotics on Amtrak trains and Gray hound buses and has participated in controlled deliveries of narcotics being distributed through the United States mail and other delivery services, which resulted in arrest of recipient (s).

On October 2, 2008, member of the Mass Transit Interdiction Unit (MPDC-DEA Task Force, Group 43) executed a United States District Court for a controlled delivery/anticipatory search warrant at 815 48th Street N.E., Washington, D.C. (Case No. 08-584-M-01, Magistrate Judge Facciola).  After executing the search warrant two individuals were arrested for UCSA Possession with intent to Distribute Heroin. One of the arrestees, Identified later as Modido K. Hylton, had the above mentioned cell phone in his pocket.

On September 26, 2008, U.S. Postal Inspectors intercepted a U.S. Priority Mail Parcel, obtained a search warrant, executed the warrant and recovered about 58 grams of what appeared to be raw heroin, and field test positive for opiates.  The package was addressed to a Mark Ramirez at 815 48th Street, N.E., Washington, D.C. and listed a return address of 8640 NW 11th Place, Miami, Florida, 33169.

After delivery of the package a search warrant team executed the search warrant. A woman and her children occupied the premises and were cooperative. The older adult female in the home explained to the law enforcement team that the she was asked to accept delivery of a package by Michael Howard. No one by the name of Mark Ramirez resided at the address. Shortly thereafter, Michael Howard arrived. Police had already searched the home and from a closet, seized a .380 semi-automatic handgun, 17 rounds of .380 caliber ammunition, and about ½ pound of a substance that field tested positive for marijuana, among other items of evidentiary value. Howard informed police that the gun and marijuana were his and that he had stored them at the house. Howard also explained that he had agreed to accept a package to be mailed at the home for a friend, whom he identified as Modibo Hylton. Howard explained that Hylton had given him (Howard) the marijuana at the time Howard had agreed to receive the package. Howard further explained that Modibo Hylton had sent him a cellular text message earlier in the day stating "we deliver." At the request of law enforcement, Michael Howard used his cell phone to call Modibo Hylton and told him, among other things, that the package had arrived but that there was a problem. Hylton arrived shortly thereafter at the 815 48th Place N.E. address.

Hylton made a statement to law enforcement officers claiming that he had asked Michael Howard to accept a mail package for him that was mailed from a friend in California, named Carlos Santos. (The affiant notes that the package bore the name Mark Ramirez.) Hylton also claimed the package was supposed to contain a cashier's check for $2,139.56. (The affiant notes that the package was much larger than necessary to mail a cashier's check.) Hylton claimed that he had had several phone conversations with the sender because the package had not arrived on time and that the last call to the sender was on October 1, 2008 (the day before the warrant was executed). Law enforcement officers noted that Michael Howard's cell phone did contain a text message that "we deliver."

Law enforcement agents arrested both Howard and Hylton and seized cell phones from both, among other items. Agents downloaded phone information from Howard's cell phone immediately after the arrest, however did not inventory the cell phone seized from Hylton immediately. Instead agents kept it in custody at the DEA Washington Field Office at 8th and I Streets, N.W., as evidence and instrumentalities of a crime. The affiant seeks a search warrant now, in an abundance of caution, to search the phone and download relevant criminal information from the phone to include recent calls, text messages sent, and the telephone contact list, among others. This information was not retrieved contemporaneously (or incident) to Hylton's arrest so we are now applying for a formal search warrant to retrieve the data.

In the Affiant's experience, when a package containing this quantity of narcotics is shipped to an address the recipient normally uses a phone to call the postal service or use the web function built into the phone to pull up the postal service web page and to see the status of their expected parcel. It is reasonable to expect that the intended recipient will make phone calls to the sender to obtain verification of shipment, and will use the phone

to coordinate with other criminal associated about the receipt of the package.    Here, a co-defendant Michael Howard had explained that he received a text message from Modibo Hylton about the package, and Hylton had stated that he contacted the sender about the package as recently as the day before the arrest.

The affiant has probable cause to believe that the above described cell phone was being used by Modido K. Hylton to conduct and facilitate the illicit drug transaction and has stored electronic communications and data which are evidence of a crime and instrumentalities of the crime. This phone has the capability to store information that will lead to the identity of the supplier of the illicit.  Therefore, your affiant respectfully requests that a search warrant issue permitting the affiant to: to recover all records from this cell phone's data base.

_____      _____
            Affiant                                             Assistant U.S. Attorney

Subscribed and Sworn Before me this 18th Day of October, 2007

United States Magistrate Judge